**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| Hyunsun Bae, | Index No. 26-cv-01343 |
| Plaintiff, | |
| v. | |
| Shinhan Bank, New York Branch, | **FIRST AMENDED COMPLAINT** |
| Defendant, | **JURY DEMAND** |

Plaintiff Hyunsun Bae ("Plaintiff"), by and through her undersigned counsel, as and for her First Amended Complaint in this action against Shinhan Bank, New York Branch ("Defendant"), alleges as follows:

## I.    Introduction

1.    Plaintiff has initiated this action against Defendant for violations of the Federal Equal Pay Act of 1963, 29 U.S.C. § 206(d) ("Federal EPA"), Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII"); the New York Equal Pay Law, as amended, N.Y. Lab. L. § 194 ("NY EPL"), the New York State Human Rights Law, New York State Executive Law §§ 296, *et seq.* ("NYSHRL"), and the New York City Human Rights Law, New York City Administrative Code §§ 8-107, *et seq.* ("NYCHRL"). As a direct consequence of Defendant' unlawful actions, Plaintiff seeks damages as set forth herein.

## II.    Jurisdiction and Venue

2.    The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under

Federal Equal Pay Act and Title VII.   The Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. § 1367(a).

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

4.      Plaintiff is proceeding herein (in part) under Title VII and has properly exhausted her administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

5.      On November 24, 2025, the EEOC issued Plaintiff Hyunsun Bae a Notice of Right to Sue. A copy of the Notice is attached as Exhibit A.

### III.    Parties

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.      Plaintiff Hyunsun Bae is a female who, at all relevant times to the Complaint, was employed by Defendant an Assistant Manager for the Credit Assessment Team.

8.      Plaintiff Hyunsun Bae was employed by Defendant from April 28, 2025.

9.      Defendant Shinhan Bank, New York Branch (hereinafter Defendant "SH Bank"), is an overseas branch of Shinhan Bank in Korea and is not a separate legal entity.

10.     The number of Defendant's employees were about 40 during Plaintiff's employment.

11.     At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein to the course and scope of its employment with and for the benefit of Defendant.

12.     Defendant SH Bank is severally liable for the violations of Federal EPA, Title VII, NYSHRL, NY EPL and NYCHRL.

### IV.    Factual Allegations

13.     Plaintiff Hyunsun Bae is a female individual who was employed by SH Bank, NY branch, an Assistant Manager for the Credit Assessment Team located at 750 7th Avenue, New York, New York 10019.

14.     Plaintiff had approximately 9 years of experience at international financial institutions and had passed the CPA examinations at the time of hire.

15.     Plaintiff interviewed with Defendant in April 2025. During the interview process, Plaintiff was not informed of her specific team placement. Even during the second-round interview, Plaintiff was advised that team assignment was still being determined. Plaintiff did not request placement in any specific department or request a particular title during the hiring process.

16.     On April 16, 2025, Plaintiff received an offer letter. The offer letter stated that Plaintiff would join the Credit Assessment Department with the title of Assistant Manager. The team assignment and title were determined solely by Defendant.

17.     Plaintiff began working at SH Bank on April 28, 2025.

18.     Within a few weeks of her start date, several male employees were hired as managers.

19.    Plaintiff soon discovered that these male employees, despite holding managerial titles, had comparable or less experience than she did, and some had no prior work experience in the United States.

20.    Prior to raising this concern, Plaintiff had received positive feedback regarding her performance.

21.    Around June 2, 2025, Plaintiff asked her direct supervisor, Jaeyoung Park, how titles were determined. Mr. Park stated that the differences might be related to U.S. work experience and advised Plaintiff to contact Human Resources (HR) directly for clarification.

22.    On the same day, Plaintiff submitted an inquiry to HR regarding the equitable application of job grade criteria, highlighting discrepancies between her credentials and those of male staff members and formally requesting clarification of the underlying grading policies.

23.    On June 3, 2025, HR summoned Plaintiff to a meeting attended by Giwon Kevin Jeon and Sulyeon Stella Baik. Rather than addressing the merits of Plaintiff's inquiry, they feigned confusion about its contents and aggressively demanded further justification, stating that they would consult with the Branch Manager and respond later.

24.    The meeting was conducted in a coercive, hostile, and confrontational manner, serving to intimidate Plaintiff rather than resolve her protected concerns.

25.    Following the meeting, Plaintiff sent a follow-up email requesting that HR specify exactly which portions of her initial inquiry they found unclear.

26.    On June 4, 2025, HR responded via email, asserting that job leveling was "determined fairly and carefully," while cautioning Plaintiff "not to rely on rumors." Although HR claimed that Plaintiff was being paid at a Manager-level salary despite her Assistant Manager title,

4

they provided no specific criteria or substantive explanation regarding the job leveling standards.

27.    On June 5, 2025, Jin Hyoung Park, a colleague on the same team, called Plaintiff and warned that "raising further inquiries could put her at risk."

28.    On June 16, 2025, the Branch Manager, Geonwoo Do, called Plaintiff for a one-on-one meeting. During the meeting, he stated that he had opposed hiring Plaintiff and that if she did not like the conditions, she should not have accepted the offer. He further remarked that in his thirty years of banking experience, he had never encountered someone like Plaintiff. He added that moving from a back-office role to a mid- or front-office role was not typical, implying that Plaintiff had been given an exceptional opportunity rather than a fair or standard assignment. He also stated that, since the United States operates under a free-market system, she was free to leave at any time if she was unhappy.

29.    On June 18, 2025, Mr. Do sent a branch-wide email emphasizing appropriate workplace behavior, including refraining from inappropriate language or actions, not sharing unverified information about others, and avoiding conduct that could cause discomfort to colleagues.

30.    Immediately following the meeting with the Branch Manager, Plaintiff was excluded from new work assignments for three weeks.

31.    On July 25, 2025, when Plaintiff's probationary period ended, she received a letter extending her probation for an additional ninety days without explanation or a formal performance evaluation.

32. Plaintiff asked four other employees whether they had undergone a formal probation evaluation process and learned they had not.

33. After raising concerns about unequal treatment between female and male employees, Plaintiff was retaliated against through exclusion from job assignments and an additional probationary period that, upon information and belief, was not required of any other employee.

34. Plaintiff was unable to continue her employment with SH Bank and submitted her resignation on July 29, 2025, providing two weeks' notice.

35. Her last day of work for Defendant was August 12, 2025.

36. During the exit interview, the HR Manager asked her, "You are moving, right?" Plaintiff had no intention of moving at that time; she had only mentioned to a single colleague that she might move, indicating that HR had been informed of her private information. The conduct described above created a hostile and abusive work environment for Plaintiff, in violation of federal, state, and city law, including Federal Equal Pay Act, Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.), the New York State Human Rights Law (N.Y. Exec. Law § 296, et seq.), New York Equal Pay Law and the New York City Human Rights Law (N.Y.C. Admin. Code § 8-107, et seq.).

37. Following her separation from Defendant, Plaintiff suffered significant stress and hair loss as a result of Defendant's discriminatory and retaliatory actions.

38. As a result of Defendant' unlawful conduct, Plaintiff has suffered, and continues to suffer emotional distress, mental anguish, humiliation, and economic damages, including lost wages and lost employment opportunities.

**Count I**
**Violations of Federal Equal Pay Act, 29 U.S.C. §§ 206 et seq**
**[1] Pay Discrimination Based on Sex**

39.    Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

40.    During her employment, Plaintiff performed duties substantially similar to those performed by male employees holding the title of Manager, who had comparable or less experience, and in some cases, no prior U.S. work experience.

41.    Despite performing substantially equal work, Plaintiff was assigned a lower job title and faced unequal treatment in the application of job leveling criteria, while male employees received higher titles and recognition without a comparable basis.

42.    Upon information and belief, SH Bank discriminated against Plaintiff in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 206 et seq., as amended by the Equal Pay Act of 1963, by paying Plaintiff less than their male comparators who performed equal work requiring equal skill, effort, and responsibility, and which was performed under similar working conditions.

43.    The Federal EPA of the Fair Labor Standards Act makes it unlawful for an employer to discriminate between employees on the basis of sex by paying wages to employees at a rate less than the rate paid to employees of the opposite sex for equal work.

44.    As a result of Defendant's willful violation of the Federal Equal Pay Act, Plaintiff has suffered lost wages, emotional distress, and other damages in an amount to be proven at trial.

45.    Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, demonstrating reckless disregard for Plaintiff's rights under federal, state, and city anti-discrimination statutes.

**Count II**
**Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**(1) Gender Discrimination**

46.    Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

47.    Title VII of the Civil Rights Act of 1964 prohibits discrimination in the terms and conditions of employment and the discharge of an employee based on race, color, religion, sex or national origin. 42 U.S.C. §§ 2000e-2(a)(1), 2000e-2(m).

48.    Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e et seq. by discriminating against Plaintiff because of her gender, as set forth above.

49.    Defendant was aware of Plaintiff's gender and, upon information and belief, treated Plaintiff differently because of her gender.

50.    Defendant, collectively and/or individually, discriminated against Plaintiff on the basis of her gender by subjecting Plaintiff to adverse employment actions, including but not limited to harassment, denial of work opportunities, and ultimately, constructive discharge.

51.    As a direct and proximate result of Defendant' sex discriminatory treatment, Plaintiff unlawfully lost her job and suffered severe and substantial financial and/or emotional harm.

52.    Plaintiff was unlawfully humiliated, degraded, and belittled, suffered a violation of her rights, mental and emotional distress, loss of income/earnings, inconvenience, pain and suffering, extreme financial hardship, loss of employment, loss of benefits, humiliation, stress,

anxiety, embarrassment, special damages, and emotional distress. Plaintiff has also suffered future pecuniary losses, emotional pain, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

53.     Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, demonstrating reckless disregard for Plaintiff's rights under federal, state, and city anti-discrimination statutes.

## Count III
## Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
### [2] Retaliation

54.     Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

55.     Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating against an employee with respect to compensation, terms, conditions, or privileges of employment, and from retaliating against an employee who engages in protected activity. 42 U.S.C. §§ 2000e-2(a), 2000e-3(a).

56.     Plaintiff engaged in protected activity under Title VII by opposing and complaining about discriminatory treatment in the workplace, including raising concerns regarding unequal treatment between male and female employees with respect to job titles and grading.

57.     Shortly after Plaintiff engaged in such protected activity, Defendant retaliated against Plaintiff by subjecting her to adverse employment actions, including but not limited to: humiliating and disparaging comments by the Branch Manager during a one-on-one meeting, excluding Plaintiff from job assignments for an extended period, and placing Plaintiff on an additional ninety-day probationary period without explanation or formal evaluation.

58.    As a direct and proximate result of Defendant's retaliatory and discriminatory conduct, Plaintiff has suffered and continues to suffer economic loss, loss of employment opportunities, damage to reputation, emotional pain, humiliation, inconvenience, mental anguish, and loss of enjoyment of life.

59.    Defendant's conduct was intentional, willful, malicious, and carried out with reckless indifference to Plaintiff's federally protected rights.

**Count IV**
**Violations of New York Equal Pay Law, NYLL §§ 194 et seq.**
**Unlawful Pay Disparity**

60.    Plaintiff realleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

61.    Pursuant to the NY EPL, N.Y. Labor Law §§ 194 et seq., it is unlawful for an employer to pay employees unequally on the basis of a protected class for substantially similar work, when viewed as a composite of skill, effort, and responsibility, and performed under similar working conditions.

62.    Upon information and belief, SH Bank caused and contributed to the underpayment of Plaintiff relative to her male comparators for the performance of substantially similar work in violation of the NY EPL.

63.    Upon information and belief, SH Bank paid Plaintiff less than they paid male who were performing substantially similar work.   As a result of this conduct, Plaintiff has suffered harm, including, but not limited to, lost earnings, lost benefits, and other financial loss, as well as non-economic damages.

64. Upon information and belief, SH Bank knowingly underpaid Plaintiff, as alleged. This knowing underpayment constitutes a willful violation of N.Y. Labor Law § 194.

**Count V**
**Violations of New York State Human Rights Law ("NYSHRL") § 296, et seq.**
**([1] Gender Discrimination; [2] Wrongful Termination; [3] Retaliation)**

65. Plaintiff realleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

66. Plaintiff re-asserts and re-alleges each and every allegation as set forth in COUNT I through COUNT IV of the instant Civil Action Complaint, as such actions constitute violations of the NYSHRL, which provides an even more lenient standard for proving discrimination than federal laws.

**Count VI**
**Violations of the New York City Human Rights Law ("NYCHRL") § 8-107, et seq**
**([1] Gender Discrimination; [2] Wrongful Termination; [3] Retaliation)**

67. Plaintiff realleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

68. Plaintiff re-asserts and re-alleges each and every allegation as set forth in COUNT I through COUNT V of the instant Civil Action Complaint, as such actions constitute violations of the NYCHRL, which provides an even more lenient standard for proving discrimination than both federal laws and NYSHRL.

**WHEREFORE**, Plaintiff prays that this Court enter an order providing that:

   a. Declaring that Defendant's acts, policies, and practices complained of herein violated the Federal Equal Pay Act, Title VII of the Civil Rights Act of 1964,

the New York Equal Pay Law (N.Y. Labor Law § 194), the New York State Human Rights Law, and the New York City Human Rights Law;

b.  Awarding Plaintiff all lost wages, back pay, salary differentials, and benefits to which she would have been entitled absent Defendant's unlawful conduct;

c.  Awarding Plaintiff front pay in lieu of reinstatement;

d.  Awarding Plaintiff liquidated damages pursuant to the Federal Equal Pay Act and New York Labor Law;

e.  Awarding Plaintiff compensatory damages for emotional distress, mental anguish, humiliation, inconvenience, and loss of enjoyment of life;

f.  Awarding Plaintiff punitive damages to the fullest extent permitted by law;

g.  Awarding Plaintiff pre-judgment and post-judgment interest as permitted by law;

h.  Awarding Plaintiff reasonable attorneys' fees, litigation expenses, and costs pursuant to applicable federal, state, and local statutes;

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues.

Dated: March 19, 2026

 /s/ Ryan Kim
Ryan J. Kim

Ryan J. Kim, Esq.
Ryan Kim Law, P.C.
222 Bruce Reynolds Blvd. Suite 490
Fort Lee, NJ 07024
ryan@RyanKimLaw.com

12