**Sheppard**

Shira Forman
212.634.3018 direct
sforman@sheppardmullin.com

June 2, 2026

**Via ECF**

Hon. Mary Kay Vyskocil
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *Hyunsun Bae v. Shinhan Bank, New York Branch*
Case No. 26-cv-01343-MKV

Dear Judge Vyskocil,

Our firm represents Defendant Shinhan Bank, New York Branch ("Shinhan Bank" or the "Bank") in the above-referenced action. Pursuant to Rule 4(A)(i) of Your Honor's Individual Practice Rules, we write to request a pre-motion conference with the Court to address Shinhan Bank's anticipated motion to compel arbitration and dismiss or stay the Complaint filed by Plaintiff Hyunsun Bae. Shinhan Bank intends to bring the motion on the grounds set forth below.

**Plaintiff Signed a Valid and Enforceable Agreement to Arbitrate**

Plaintiff was employed by Shinhan Bank from April 2025 to July 2025. When Plaintiff joined the Bank, she signed a Mediation and Arbitration Agreement (the "Agreement") in which she agreed that employment disputes related to her employment must be submitted for resolution exclusively by mandatory non-binding mediation and, if necessary, arbitration. Specifically, the Agreement provides that any dispute between Plaintiff and the Bank must first be resolved through mediation conducted and administered by the American Arbitration Association (AAA). It further provides that, if mediation is unsuccessful, the parties must submit their dispute to "final and binding confidential arbitration…under the Employment Arbitration Rules and Mediation Procedures of the AAA."

Importantly, the Agreement provides that, in the event one of the parties attempts to litigate a claim covered by the Agreement in court, "the other may, at any time within 60 days of the service of the complaint, require the dispute to be arbitrated, and that the decision and award of the arbitrator shall be binding and enforceable in the courts."

Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza
New York, NY 10112
T: +1.212.653.8700 | F: +1.212.653.8701

sheppard.com

**Sheppard**

**Plaintiff's Claims Are Covered by the Arbitration Agreement**

Despite her obligations to mediate and, if necessary, arbitrate her claims under the Agreement, on March 19, 2026, Plaintiff commenced the instant action, in which she alleges gender-based discrimination, wrongful termination, and retaliation.

As the Agreement covers all claims "arising out of or relating to [Plaintiff's] employment relationship with the Branch or the termination of that relationship" and all of Plaintiff's claims in this lawsuit arise out of her employment relationship with the Bank, they are all covered by the Agreement. Moreover, the Agreement explicitly references in its "Claims Covered" section the very statutes invoked by Plaintiff in the Complaint, *i.e.*, the Federal Equal Pay Act, 29 U.S.C. § 206, et seq., Title VII of the Civil Rights Act of 1964, New York Equal Pay Law, NYLL § 194, et seq., the New York State Human Rights Law § 296, et seq. and the New York City Human Rights Law, § 8-107, et seq.  There can be no doubt, then, that Plaintiff's claims are encompassed by the parties' agreement to mediate and arbitrate.

Section 4 of the Federal Arbitration Act (FAA) "directs a federal court to order parties to proceed to arbitration if there has been a failure, neglect, or refusal of any party to honor an agreement to arbitrate." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 511 (1974) (internal citations omitted).  Thus, pursuant to the FAA, under the clear terms of the Agreement, Plaintiff should be compelled to pursue her claims in arbitration.

**This Court Should Dismiss or, Alternatively, Stay this Action Pending Arbitration**

Because all of the claims asserted in the Complaint are subject to arbitration, this Court should dismiss the Complaint in its entirety.  *See State Farm Mutual Automobile Insurance Co., et al. v. Emuna Inc.* No. 25-CV-3076 (NGG)(LKE) (E.D.N.Y. Jan. 29, 2026) (compelling arbitration and dismissing claims).  Alternatively, this Court should stay Plaintiff's claims pending completion of arbitration. *See, e.g., Tatis v. Doordash, Inc., et al.*, No. 25-CV-4764 (VSB)(OTW) (S.D.N.Y. Mar. 16, 2026) (compelling arbitration and staying claims).

On May 12, 2026, the undersigned sent a letter to Plaintiff's counsel advising him that Plaintiff's claims should have been submitted to mediation and, if necessary, arbitration and requesting that he respond by May 18, 2026.  To date, Defendant has received no response to the letter.  The undersigned emailed Plaintiff's counsel again prior to sending this letter, and again received no response. Defendant's proposed motion is therefore not on consent.

We welcome the opportunity to discuss these issues with Your Honor at the requested pre-motion conference.

Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza
New York, NY 10112
T: +1.212.653.8700 | F: +1.212.653.8701

sheppard.com



Sincerely,

Shira Forman
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

cc:     All Counsel of Record via ECF

Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza
New York, NY 10112
T: +1.212.653.8700 | F: +1.212.653.8701

sheppard.com