**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

HYUNSUN BAE,

       Plaintiff,

   v.

SHINHAN BANK, NEW YORK BRANCH,

       Defendant.

Case No. 26-cv-01343-MKV

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS**
**MOTION TO COMPEL ARBITRATION AND DISMISS THE COMPLAINT**

-i-

**TABLE OF CONTENTS**

<strong><u>Page</u></strong>

PRELIMINARY STATEMENT.................................................................................................1

STATEMENT OF FACTS ...................................................................................................1

ARGUMENT.........................................................................................................................3

I.    THIS COURT SHOULD COMPEL PLAINTIFF TO ARBITRATE HER
      CLAIMS .....................................................................................................................3

      1.    Plaintiff Entered into a Valid Agreement to Mediate and Arbitrate ........................3

      2.    The Claims at Issue are Covered by the Parties' Agreement ...................................4

      3.    Plaintiff Has Failed to Mediate and Arbitrate Her Claims......................................5

II.   THE COMPLAINT SHOULD BE DISMISSED ................................................................6

CONCLUSION.......................................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

<u>Cases</u>

*ACE Capital RE Overseas Ltd. v. Central United Ins. Co.*
    307 F.3d 24 (2d Cir. 2002).................................................................................................3

*AT&T Technologies, Inc. v. Commc'ns Workers of Am.*
    475 U.S. 643 (1986)...........................................................................................................4

*Daly v. Citigroup Inc.*
    939 F.3d at 421(2d Cir. 2019)........................................................................................4, 6

*Foster Wheeler Envtl. Corp. v. Energx TN, LLC*
    No. 13 Civ. 1178 (RA), 2014 U.S. Dist. LEXIS 33635 (S.D.N.Y. Mar. 13, 2014) ..................5

*Gold v. Deutsche Aktiengesellschaft*
    365 F.3d 144 (2d Cir. 2004)...............................................................................................4

*Green Tree Fin. Corp. Alabama v. Randolph*
    531 U.S. 79 (2000)..............................................................................................................3

*JLM Indus., Inc. v. Stolt-Nielsen SA*
    387 F.3d 163 (2d Cir. 2004)...............................................................................................5

*Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading, Inc.*
    252 F.3d 218 (2d Cir. 2001)...............................................................................................4

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*
    473 U.S. 614, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985)..............................................................4

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*
    460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).................................................................4

*Nat'l Union Fire Ins. Co. v. Las Vegas Prof'l Football Ltd. P'ship*
    09 Civ. 7490 (PKC), 2009 U.S. Dist. LEXIS 108315 (S.D.N.Y. Nov. 17, 2009)....................5

*Oganesyan v. Tiffany & Co.*
    No. 23-CV4287, 2023 U.S. Dist. LEXIS 205534 (S.D.N.Y. Nov. 16, 2023) .....................3, 6

*Reid v. Supershuttle Int'l, Inc.*
    No. 08-CV-4854 (JG) (VVP), 2010 U.S. Dist. LEXIS 26831 (E.D.N.Y. Mar. 22,
    2010) .................................................................................................................................5

*Scherk v. Alberto-Culver Co.*
    417 U.S. 506 (1974)............................................................................................................6

*State Farm Mutual Automobile Insurance Co., et al. v. Emuna Inc.*
   No. 25-CV-3076 (NGG)(LKE)(E.D.N.Y. Jan. 29, 2026)...........................................................6

**Statutes**

Civil Rights Act of 1964, Title VII.................................................................................5, 6

Federal Arbitration Act ..............................................................................................1, 3, 6

Federal Equal Pay Act ........................................................................................................5

New York City Human Rights Law..................................................................................5, 6

New York Equal Pay Law ...................................................................................................5

New York State Human Rights Law ....................................................................................5

New York State Labor Law ..................................................................................................5

Defendant Shinhan Bank, New York Branch ("Defendant" or "Shinhan Bank"), by and through its undersigned counsel, respectfully submits this memorandum of law in support of its motion, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, to dismiss this action and to compel arbitration of the claims of Plaintiff Hyunsun Bae ("Plaintiff").

## PRELIMINARY STATEMENT

Plaintiff and Defendant entered into a valid and enforceable arbitration agreement pursuant to which they mutually agreed to mediate and, if necessary, arbitrate all claims arising out of or related to Plaintiff's employment with Defendant.

Despite entering into this agreement, Plaintiff filed the instant lawsuit in which she asserts causes of action under federal state equal pay and discrimination laws, all of which are directly related to her employment with Defendant.  In light of the valid and enforceable arbitration agreement, this motion to compel arbitration of Plaintiff's claims against Defendant and dismiss this action in its entirety should be granted.

## STATEMENT OF FACTS

From April 2025 to July 2025, Plaintiff Hyunsun Bae was employed by Defendant, the New York branch of the commercial bank Shinhan Bank, headquartered in Seoul, South Korea. (*See* Declaration of Giwon Jeon In Support of Defendant's Motion to Compel Arbitration and Dismiss the Complaint ("Jeon Decl.") at ¶ 4, 5).

When Plaintiff was hired, Plaintiff and Shinhan Bank, New York Branch entered into a Mediation and Arbitration Agreement (the "Agreement") (Jeon Decl. ¶ 6, Ex. A).  The Agreement provides that employment disputes between the parties must be submitted for resolution exclusively by mandatory non-binding mediation and, if necessary, arbitration (Jeon Decl., Ex. A). Specifically, the Agreement states:

> As a condition of your employment or continued employment at the Branch, you agree that any and all disputes, claims, or controversies ("claims") you and the Branch may have against each other, including their current and former agents, owners, officers, directors, or employees, arising out of or relating to your employment relationship with the Branch or the termination of that relationship must be submitted for non-binding mediation before a third-party neutral and (if necessary) for final and binding resolution by a private and impartial arbitrator.

(Jeon Decl., Ex. A at ¶ 1).

Section 1(d) of the Agreement provides that any dispute must first be resolved through mediation "conducted and administered by the American Arbitration Association (AAA) under its Employment Arbitration Rules and Mediation Procedures." (Jeon Decl. Ex. A at ¶1(d)). If mediation is unsuccessful, the parties agree in Section 1(e) to submit their dispute to "final and binding confidential arbitration…under the Employment Arbitration Rules and Mediation Procedures of the AAA." (Jeon Decl. Ex. A at ¶1(e)).

The Agreement makes clear that the parties "shall be precluded from bringing or raising in court or in another forum any dispute that was or could have been brought or raised under the procedures set forth in this Agreement."  (Jeon Decl., Ex. A at 1).  It also advises Plaintiff of her right to consult counsel prior to signing and emphasizes that, by signing, Plaintiff is waiving her right to a jury trial. (Jeon Decl., Ex. A at 5).

Importantly, the Agreement provides that, in the event one of the parties attempts to litigate a claim covered by the Agreement in court, "the other may, at any time within 60 days of the service of the complaint, require the dispute to be arbitrated, and that the decision and award of the arbitrator shall be binding and enforceable in the courts." (Jeon Decl., Ex. A at ¶ 3).

Plaintiff signed the Agreement on April 28, 2025.  At no point did Plaintiff rescind her signature.

Despite her obligations to mediate and, if necessary, arbitrate her claims under the Agreement, Plaintiff commenced this lawsuit on March 19, 2026.

## ARGUMENT

### I.    THIS COURT SHOULD COMPEL PLAINTIFF TO ARBITRATE HER CLAIMS

Pursuant to the FAA and applicable case law, the Agreement requires Plaintiff to mediate and, if necessary, arbitrate her claims in this action. The Second Circuit has established a two-part test for determining whether claims are arbitrable: "(1) whether the parties agreed to arbitrate disputes at all; and (2) whether the dispute at issue comes within the scope of the arbitration agreement." *ACE Capital RE Overseas Ltd. v. Central United Ins. Co.*, 307 F.3d 24, 28 (2d Cir. 2002). "[T]he party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Oganesyan v. Tiffany & Co.*, No. 23-CV4287, 2023 U.S. Dist. LEXIS 205534, at *6 (S.D.N.Y. Nov. 16, 2023) (quoting *Green Tree Fin. Corp. Alabama v. Randolph*, 531 U.S. 79, 91 (2000)).

Here, the parties signed a binding agreement to mediate and arbitrate any employment disputes between them, and Plaintiff's claims undeniably fall within the scope of that agreement. The Agreement further provides that, if one party attempts to litigate a covered claim in court, the other party may require that the claim be arbitrated instead.  Accordingly, Plaintiff's claims must be submitted to arbitration.

### 1.    Plaintiff Entered into a Valid Agreement to Mediate and Arbitrate

On April 28, 2025, Plaintiff executed the Agreement.  The Agreement expressly provides, in pertinent part:

> As a condition of your employment or continued employment at the Branch, you agree that any and all disputes, claims, or controversies ("claims") you and the Branch may have against each other, including their current and former agents, owners, officers, directors, or employees, arising out of or relating to your employment relationship with the Branch or the termination of that relationship

must be submitted for non-binding mediation before a third-party neutral and (if necessary) for final and binding resolution by a private and impartial arbitrator.

(Jeon Decl., Ex. A at ¶ 1).

The Agreement is valid and enforceable.  Because of the "emphatic federal policy in favor of arbitral dispute resolution," *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 631, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985), "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration," *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24-25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). It is well established that "a person who signs or accepts a written contract is conclusively presumed to know its contents and to assent to them." *Gold v. Deutsche Aktiengesellschaft*, 365 F.3d 144, 149 (2d Cir. 2004).  Plaintiff signed the Agreement and, therefore, intended to be bound by the terms of the Agreement.

### 2.    The Claims at Issue are Covered by the Parties' Agreement

Plaintiff's claims here fall within the scope of the Agreement. Because of the strong federal policy favoring arbitration, courts construe arbitration clauses broadly, and resolve "any doubts concerning the scope of arbitrable issues in favor of arbitrability." *Daly v. Citigroup Inc.*, 939 F.3d at 421(2d Cir. 2019) (quotations omitted). "[I]nsofar as the allegations underlying the statutory claims touch matters covered by" the agreement, the court must resolve any doubts in favor of arbitrability. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 624 n. 13 (1985). Arbitration should be ordered "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Technologies, Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986).

Here, the Agreement covers all claims "arising out of or relating to [Plaintiff's] employment relationship with the Branch or the termination of that relationship." (Jeon Decl. Ex.

A, ¶1).  Courts in this Circuit have repeatedly recognized that such language reflects a "broad" agreement to arbitrate. *See, e.g., Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading, Inc.*, 252 F.3d 218, 225-27 (2d Cir. 2001) (arbitration provision applying to "any dispute arising from" agreement was a broad one); *JLM Indus., Inc. v. Stolt-Nielsen SA*, 387 F.3d 163, 172 (2d Cir. 2004) (clause requiring arbitration for all disputes "arising out of this Charter" was "broad"); *Foster Wheeler Envtl. Corp. v. Energx TN, LLC*, No. 13 Civ. 1178 (RA), 2014 U.S. Dist. LEXIS 33635, at *14 (S.D.N.Y. Mar. 13, 2014) (arbitration provision applying to "[a]ll disputes arising out of this Agreement" is broad); *Nat'l Union Fire Ins. Co. v. Las Vegas Prof'l Football Ltd. P'ship*, 09 Civ. 7490 (PKC), 2009 U.S. Dist. LEXIS 108315, at *11 (S.D.N.Y. Nov. 17, 2009) ("The phrase 'arising out of this Agreement' is consistent with a broad arbitration provision."); *Reid v. Supershuttle Int'l, Inc.*, No. 08-CV-4854 (JG) (VVP), 2010 U.S. Dist. LEXIS 26831, at *13-14 (E.D.N.Y. Mar. 22, 2010) (broadly construing arbitration clause governing "any controversy arising out of this Agreement").

Moreover, the Agreement explicitly covers the statutory claims brought by Plaintiff. Plaintiff alleges violations of the Federal Equal Pay Act, 29 U.S.C. § 206, et seq., Title VII of the Civil Rights Act of 1964, New York Equal Pay Law, NYLL § 194, et seq., the New York State Human Rights Law § 296, et seq. and the New York City Human Rights Law, § 8-107, et seq. Each of these statutes is referenced in Section 1(a)(ii) of the Agreement ("Claims Covered") as a category of claim that must be submitted to mediation and, if necessary, arbitration.  (Jeon Decl., Ex. A at ¶1(a)(ii)).  There can be no doubt, then, that Plaintiff's claims are encompassed by the parties' agreement to mediate and arbitrate.

**3.      Plaintiff Has Failed to Mediate and Arbitrate Her Claims**

On March 19, 2026, Plaintiff filed this action in clear breach of her agreement to mediate and, if necessary, arbitrate such claims.  On May 12, 2026, the undersigned counsel sent a letter

-5-

to Plaintiff's counsel advising him that Plaintiff's claims should have been submitted to mediation and, if necessary, arbitration and requesting that he respond by May 18, 2026.   (*See* Decl. of Shira Forman, Esq. In Support of Defendant's Motion to Compel Arbitration and Dismiss the Complaint ("Forman Decl."), ¶ 3, Ex. A).  Plaintiff's counsel did not respond to the letter.  (Forman Decl., ¶ 4).

Section 4 of the FAA "directs a federal court to order parties to proceed to arbitration if there has been a failure, neglect, or refusal of any party to honor an agreement to arbitrate." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 511 (1974) (internal citations omitted). In relevant part, Section 4 provides:

> A party aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4.

Thus, under the clear terms of the Agreement, Plaintiff should be compelled to pursue her claims in arbitration. *See Daly*, 939 F.3d 415 (compelling arbitration of Title VII claims); *Oganesyan*, 2023 U.S. Dist. LEXIS 205534 (compelling arbitration of claims under the New York State and New York City Human Rights Laws).

## II.    THE COMPLAINT SHOULD BE DISMISSED

Because all of the claims asserted in the Complaint are subject to arbitration, this Court should dismiss the Complaint in its entirety.  *See State Farm Mutual Automobile Insurance Co., et al. v. Emuna Inc.* No. 25-CV-3076 (NGG)(LKE)(E.D.N.Y. Jan. 29, 2026)(compelling arbitration and dismissing claims).

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss this action and compel arbitration of Plaintiff's claims.

Dated: New York, New York
      June 9, 2026

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By:    /s/ Shira Forman

    Jonathan Stoler
    Shira Forman
    30 Rockefeller Plaza
    New York, New York  10112
    Tel.:  (212) 653-8700
    Fax:  (212) 653-8701
    *Attorneys for Defendant Shinhan Bank,*
    *New York Branch*

## WORD COUNT CERTIFICATION

I, Shira Forman, certify that the foregoing memorandum of law complies with the word-count limitations set forth in Local Civil Rule 7.1(c) and Judge Mary Kay Vyskocil's Individual Practices, ¶4(A)(iii).  According to the word count of the word-processing program used to prepare the memorandum, and exclusive of the portions of it that are excluded by the rule, there are 1892 words and 7 pages.

　　　　　　　　　　　　　　 /s/ *Shira Forman*
　　　　　　　　　　　　　　 Shira Forman